**John JEFFERY, et al., Plaintiffs,**

v.

**Thomas O'DONNELL, et al., Defendants.**

**Civ. No. 86–1560.**

United States District Court, M.D. Pennsylvania.

Sept. 29, 1987.

See also 702 F.Supp. 516.

Gregory Reed, Harrisburg, Pa., Home School Legal Defense Ass'n, Michael P.

---

Farris, J. Michael Smith, Christopher J. Klicka, Great Falls, Va., for plaintiffs.

Edwin A. Abrahamsen, Abrahamsen, Moran, Connolly & Connolly, P.C., Scranton, Pa., for Thomas McDonnell.

Marshall, Dennehey, Warner, Coleman & Goggin, Robert G. Hanna, Jr., Philadelphia, Pa., Frank J. Lavery, Jr., Harrisburg, Pa., for Warner Stark, Wyalusing Area School Dist., Thomas O'Donnell, Harry Harhigh, Dr. Walter Curfman and Dr. Merrill Arnold.

Robert G. Hanna, Jr., Frank Lavery, Jr., Philadelphia, Pa., for Thomas O'Donnell, Walter Curfman, Harry Harhigh, Fort Le-Boeuf School Dist., Dr. Merrill Arnold and James Wolf.

Michael Levin, Abington, Pa., for Merrill S. Arnold, South Butler School Dist. and Pa. School Bds. Ass'n, amicus.

Harry S. Tischler, Asst. Gen. Counsel, School Dist. of Pa., Bd. of Educ., Philadelphia, Pa., for Constance Clayton.

John Krisa, Bonni Shelp, Blakely, Pa., for Joseph Como.

Eugene N. McHugh, Steve Russell, Pa. School Boards Assoc., New Cumberland, Pa.

James Himes, Huntingdon, Pa.

Fred Gutshall, Huntingdon, Pa.

Sally Akan, Philadelphia School Dist., Philadelphia, Pa.

Steven Hutzelman, Plate & Shapira, Erie, Pa.

Steven S. Russell, Chief Staff Counsel for Pa. School Bd. Ass'n, New Cumberland, Pa., for Pa. School Bd. Ass'n.

John Diefenderfer, Newton, Pa., for Ft. LeBoeuf School Dist., Centennial School Dist., South Butler, Phil. School Dist., South Eastern School Dist., Scranton School Dist., Centennial School Dist. and Tussex Mtn. School Dist.

Robert G. Hanna, Jr., Laura Lubow, Marshall, Dennehey & Warner, Philadelphia, Pa., for Dr. Luther B. Sowers as Superintendent of the South Eastern School District and Constance Clayton.

Thomas W. Scott, Harrisburg, Pa., for Pennsylvania State Educ. Ass'n, amicus curiae.

## MEMORANDUM

KOSIK, District Judge.

This action was filed on October 31, 1986. On December 22, 1986 the plaintiffs submitted an amended complaint.[1] Currently pending before this court are motions filed by the defendants for the appointment of a guardian ad litem for the minor plaintiffs. Also pending is the plaintiffs joint motion to dismiss the minors as plaintiffs.

At the outset it should be noted that plaintiff Carina Strapello was voluntarily dismissed from this case.[2] Additionally, plaintiffs John, Susan, Jessah and Caleb Barnard along with defendant Daniel Parrell signed a stipulation of dismissal in this action.[3]

This case involves a civil rights action challenging the constitutionality of the Pennsylvania statute which regulates homeschooling. The plaintiffs in this action are the parents and their children who practice homeschooling. The defendants are the local public school superintendents of the respective school districts wherein the student plaintiffs reside. Basically, the plaintiffs contend that the Pennsylvania law governing homeschooling is invalid because it gives the school superintendents discretion that is too broad in determining the standards for the approval of homeschooling.

The court shall first consider the defendants' motions for the appointment of guardians ad litem.[4]

---

1. The court wishes to note that neither the original complaint nor the amended complaint contained a demand for a jury trial.

2. See Doc. 78.

3. See Doc. 79.

4. On April 15, 1987 the plaintiffs requested oral argument on the defendants' motions to appoint guardians. The defendants opposed oral argument. The court does not deem oral argument necessary. Thus, the plaintiffs' request is denied.

■ Initially, the court recognizes that all defendants join in the motion to appoint guardians ad litem for the student plaintiffs even though not every defendant has formally filed such motion.[5] The motions to appoint guardians are based upon Fed.R. Civ.P. 17(c). Rule 17(c) provides that:

(c) **Infants or Incompetent Persons.** Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

Essentially, the defendants maintain that the instant case creates a substantial opportunity for conflict of interest between the rights of the minor plaintiffs and their parents. Specifically, the defendants claim that a conflict is inherent between the parents and their children in this case because the religious beliefs of the parents may not be what is best for the children in terms of the children's right to education. The defendants do not request any persons in particular to act as guardians but only ask that some qualified persons be appointed. The defendants also request that the costs of the guardians be imposed on the parents.

The plaintiffs argue that there is no conflict between parent and child in this case. They state that parents have the right to choose their children's education. Plaintiffs further state that parents are the natural guardians of their minor children and thus the appointment of guardians is not necessary in this case. Finally, the plaintiffs argue that if a conflict does arise in the future, the court can fashion the appropriate protective order at that time.

■ Parents have a substantial constitutional right to direct and control the upbringing and development of their minor children. *Halderman v. Pennhurst State School & Children's Hospital,* 707 F.2d 702, 709 (3d Cir.1983). This right of the parents can only be overcome either by a showing of abuse or neglect, or by proof of a significant governmental interest running counter to the express parental desires. *Id.* at 710. In the instant case, the court agrees with the plaintiffs that the parents have a right to direct the religious upbringing and education of their children. *See Wisconsin v. Yoder,* 406 U.S. 205, 213–214, 92 S.Ct. 1526, 1532, 32 L.Ed.2d 15 (1972). *See also Ginsberg v. New York,* 390 U.S. 629, 639, 88 S.Ct. 1274, 1280, 20 L.Ed.2d 195 (1968). This right has long been recognized. *See Meyer v. Nebraska,* 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923). For instance, parents have the right to choose between sending their children to public schools or parochial schools. *See Pierce v. Society of Sisters,* 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925). Many states, including Pennsylvania, also permit parents to consider a third option with respect to their children's education, namely homeschooling. *See* 24 P.S. § 13–1327. In the case at bar, there has been no indication of abuse or neglect by the parents concerning their desire to implement homeschooling for their children. Moreover, there has been no claim by the defendants that any child opposes his or her parents' desire for homeschooling. The governmental interest at issue in this case is the assurance that the children receive an education. Homeschooling in and of itself is not contrary to the governmental interest here since, as mentioned, the state specifically allows for homeschooling. Furthermore, there is nothing in the present case which indicates that the parental desires are counter to the governmental interest.

The court also agrees with the plaintiffs that it is not yet clear that a conflict of interest exists in this case. The defendants continually fail to recognize that the parents have a substantial right to choose the

5. *See* Doc. 54.

education of their minor children subject to some limitations as discussed. If in the future, the court is presented with evidence which demonstrates the existence of countervailing interests to the rights of the parents, then the court will reconsider this matter. However, for reasons stated, the court believes that the defendants' motions are premature. Therefore, the motions to appoint guardians ad litem will be denied.

Next, the court will discuss the plaintiffs' motion to dismiss the children as plaintiffs.

■ The plaintiffs have filed their motion to dismiss the children from this lawsuit in an attempt to avoid the issue concerning the appointment of guardians. Plaintiffs argue that if the children are dismissed as plaintiffs, then this would avoid the necessity of appointing guardians because the rights of the children would no longer be before this court. Plaintiffs also note that they would like the parents to be appointed as the guardians of their children. If the parents are so appointed, then the plaintiffs will withdraw their motion to dismiss the children.

In opposing the plaintiffs' motion to dismiss the children, the defendants maintain that in order to protect the interests of the children, the children must be kept in this lawsuit. The defendants also argue that if the children are removed from this case, the defendants may be liable to the children when they become emancipated.

The children's rights cannot be protected by simply removing the children as plaintiffs from this action, as the plaintiffs contend. The rights and interests of the children are inherent in this suit. Even if the children are dismissed as plaintiffs, consideration of their rights cannot be ignored. Thus, the court concurs with the defendants' position that the children should remain as parties in this case because any disposition will ultimately have a great effect on them. Once again, if a conflict of interest arises between the parents and their children during the future litigation of this case, the court will consider the appropriate solutions to remedy said conflict.

Accordingly, the defendants' motions to appoint guardians ad litem for the children plaintiffs will be denied and the plaintiffs' motion to dismiss the children as parties in this case will be denied.

An appropriate Order will issue.

### ORDER

NOW, this 29 day of September, 1987, IT IS HEREBY ORDERED THAT:

[1] defendants' motions to appoint guardians ad litem for the children plaintiffs are denied; and

[2] plaintiffs' motion to dismiss the children as plaintiffs from this action is denied.